Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| YAMILET MARRERO CALDERO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Peticionaria | KLCE202400966 | |
| v. | | Caso Núm.: BY2023CV03795 |
| AUTO LOI, LLC | | Sobre: Despido Injustificado – Ley Núm. 80 de 30 de mayo de 1976 y otros |
| Recurrido | | |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de septiembre de 2024.

Comparece nuevamente[1] la Sra. Yamilet Marrero Caldero (apelante o Sra. Marrero Caldero), mediante recurso instado el 9 de septiembre de 2024. En esta ocasión nos solicita que revoquemos una *Resolución* emitida el 27 de agosto de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario). En el dictamen del cual se recurre, el TPI aceptó una contestación enmendada de la querella presentada. Lo anterior, luego de evaluar las alegaciones de las partes y la etapa de los procedimientos ante el foro primario.

La parte recurrida, Auto Loi, LLC, compareció el 17 de septiembre de 2024, mediante *Oposición a Expedición de Certiorari.*

Evaluado la totalidad del expediente ante nosotros y la naturaleza sumaria de los procedimientos en virtud de la Ley Núm.

---

[1] El primer recurso relacionado y atendido por este Panel fue el KLAN202400233. Véase la norma para la asignación de casos relacionados OAJP-2021-086 de 4 de noviembre de 2021.

Número Identificador
RES2024_____

2 de 17 de octubre de 1961, según enmendada, *infra,* denegamos la expedición de recurso.

## I.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. *Caribbean Orthopedics v. Medshape et al.,* supra; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019). La mencionada regla dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de

conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008). Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

## II.

La Ley Núm.2 de 17 de octubre de 1961, también conocida como la Ley de Procedimiento Sumario de Reclamaciones Laborales, 32 LPRA secs. 3118-3132, establece un mecanismo especial cuyo propósito esencial es la rápida consideración y adjudicación de las

querellas presentadas por los obreros o empleados, primordialmente en aquellos casos de reclamaciones salariales, beneficios o derechos, como lo es el pago de la mesada en caso de un despido injustificado. *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 206 (2021); *Bacardi Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019*); Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 265 (2018). "Para lograr este propósito, y al considerar la disparidad económica entre el patrono y el obrero, así como el hecho de que la mayoría de la información sobre los reclamos salariales o por un despido está en posesión del empleador, el legislador acortó los términos y condiciones que ordinariamente regulan y uniforman la litigación civil en nuestra jurisdicción". *Peña Lacern v. Martínez Hernández, et al.*, 210 DPR 425, 434 (2022).

Atinente a nuestra función revisora, en *Dávila Rivera v. Antilles Shipping, Inc.,* 147 DPR 483 (1999), el Tribunal Supremo tuvo la oportunidad de examinar la facultad de los foros apelativos para revisar, vía *certiorari*, las resoluciones interlocutorias emitidas en pleitos incoados al amparo del procedimiento sumario establecido en la Ley Núm. 2, *supra*. Luego de evaluar el texto de la Ley Núm. 2 y su historial legislativo, el Tribunal Supremo concluyó que, de ordinario, la revisión de resoluciones interlocutorias era contraria al carácter sumario del procedimiento laboral y que, por lo tanto, la facultad de los tribunales apelativos al revisar dichas resoluciones es limitada. *Íd.*, págs. 496-497. Por consiguiente, como norma general, la parte que pretenda impugnar resoluciones interlocutorias en un procedimiento incoado al amparo de la Ley Núm. 2 deberá esperar hasta que se dicte sentencia final para entonces instar contra ella el recurso pertinente.

Sin embargo, el Tribunal Supremo señaló que la norma impuesta no es absoluta. De tal forma, a modo de excepción, los tribunales apelativos deben mantener y ejercer su facultad para

revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: (1) cuando el foro primario haya actuado sin jurisdicción, (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Íd.*, pág. 498*; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 722-723 (2016). En tales instancias, el carácter sumario de los procedimientos tramitados a tenor con la Ley Núm. 2, *supra,* ceden y los foros apelativos pueden revisar la resolución interlocutoria. *Díaz Santiago v. PUCPR et al.,* 207 DPR 339, 349 (2021).

**III.**

En el caso ante nos, la señora Yamilet Marrero Caldero recurre en *certiorari,* ante la denegatoria de una moción donde ella solicitaba se eliminaran alegaciones nuevas y enmendadas incluidas en la contestación enmendada de la querella[2]. Las nuevas y enmendadas alegaciones eran parte de la contestación enmendada de la querella presentada por Auto LOI, LLC, y permitida por el TPI.

Estamos convencidos que el dictamen recurrido es una *resolución interlocutoria* dentro de un procedimiento sumario al amparo de la Ley Núm. 2, *supra,* donde nuestra intervención en estos momentos debe ser limitada. El recurso de *certiorari* presentado no plantea un asunto que supere las limitaciones de nuestra intervención bajo la Regla 52.1 de la de Procedimiento Civil y tampoco presenta alguno de los criterios contemplados en la Regla 40 de nuestro Reglamento.

En otras palabras, en el presente caso no están presentes ninguna de las excepciones legales reconocidas que nos permitan

---

[2] El foro primario aceptó la contestación enmendada a la querella en la misma *Resolución* del 27 de agosto de 2024.

ejercer nuestra función revisora ante un dictamen interlocutorio bajo el trámite sumario de la Ley Núm. 2, *supra.*

**IV.**

Por los fundamentos antes mencionados denegamos la expedición del recurso de *certiorari.*

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones